IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY WAYNE STRICKLAND, | § | |
| TDCJ #122143, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0506 |
| | § | |
| NATHANIEL QUARTERMAN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

State inmate Gary Wayne Strickland has filed a civil rights complaint under 42 U.S.C.

§ 1983 and a memorandum in support of his claims. Strickland appears *pro se* and he has

been granted leave to proceed *in forma pauperis*. After reviewing all of the pleadings as

required by 28 U.S.C. § 1915A, the Court requested an answer from the defendants, who

have filed a joint motion to dismiss for failure to state a claim upon which relief can be

granted. (Doc. # 16). Strickland has submitted a response, to which the defendants have

filed a short reply. (Docs. # 17, # 18). After reviewing all of the pleadings and the

applicable law, the Court grants the defendants' motion and **dismisses** this case for reasons

that follow.

## I.   BACKGROUND

A jury in the 196th Judicial District Court of Hunt County, Texas, found Strickland

guilty in cause number 21,449 of committing aggravated assault with a deadly weapon. As

a result, Strickland received a twelve-year prison sentence. *See Strickland v. State*, No. 06-

04-00063-CR, 2005 WL 693306 (Tex. App. — Texarkana March 28, 2005, pet. ref'd). Strickland is currently serving that sentence in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ") at the Stringfellow Unit in Rosharon, Texas.

Strickland has filed this lawsuit under 42 U.S.C. § 1983 against several prison officials, including TDCJ Executive Director Brad Livingston.[1] Strickland also sues Rissie Owens, who serves on the Texas Board of Pardons and Paroles. Strickland does not challenge his underlying conviction or the twelve-year sentence that he received. Instead, he challenges the calculation of his sentence as it relates to his eligibility for early release on parole.

Strickland contends that prison officials have wrongfully discounted the credit that he has earned for good behavior while in prison (*i.e.*, "good-time credit") and that they have incorrectly calculated his parole eligibility date as a result. Strickland maintains that his good-time credits should count toward his early release on parole and that he has a protected liberty interest in the credits that he has earned under Texas law. Strickland insists that, if officials had calculated his sentence correctly by counting his good-time credits, he should have been eligible for parole in February 2006. Because he is not presently eligible for parole, Strickland seeks injunctive or "equitable" relief under 42 U.S.C. § 1983 in the form of a court order declaring him eligible for parole.

---

[1]    Strickland also sues TDCJ Director Nathaniel Quarterman and TDCJ Assistant Director of Classification and Records Pamela Williams.

2

The defendants have filed a motion to dismiss for failure to state a claim upon which relief can be granted. Strickland insists that he is entitled to relief. The parties' contentions are discussed below under the governing standard of review.

## II.    STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir.

3

2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

Although "heightened fact pleading of specifics" is not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The pleadings are examined below to determine whether the plaintiff has stated a plausible claim for relief.

4

## III.   **DISCUSSION**

### A.     **Habeas Corpus or Civil Rights**

The Court pauses briefly to ensure that subject matter jurisdiction is properly alleged. In this case, Strickland expressly invokes 42 U.S.C. § 1983 as the basis for his challenge to the calculation of his sentence. Ordinarily, a prisoner may not file a civil rights lawsuit under 42 U.S.C. § 1983 to challenge the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Rather, a prisoner who seeks his release from custody must pursue appropriate relief in state court followed, if necessary, by a petition governed by the federal habeas corpus statutes found at 28 U.S.C. § 2254. *See id.*

Strickland's complaint concerns the calculation of his sentence as it relates to his eligibility for early release from custody on parole. Strickland does not challenge a particular decision denying his release on parole and he insists that he is not seeking his immediate release from custody. (Doc. # 2, *Memorandum*, at 8). Instead, Strickland argues that he is entitled to relief because the calculation of his sentence has delayed his eligibility for parole in an unlawful manner. To the extent that Strickland seeks expedited consideration for parole, his claims appear cognizable under 42 U.S.C. § 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 82, 125 S. Ct. 1242, 1248 (2005); *Serio v. Members, Louisiana State Bd. of Pardons*, 821 F.2d 1112, 1118 (5th Cir. 1987).

To establish liability under § 1983, a civil rights plaintiff must establish two elements: (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.*, that the conduct deprived the plaintiff of

5

rights secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979); *see also Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of' state law, deprives another of his or her constitutional rights.") (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994)). The complaint filed by Strickland poses a series of "federal questions of law" that reportedly concern the calculation of his sentence. Liberally construed, Strickland alleges that prison officials have calculated his sentence incorrectly under Texas law by failing to count his good-time credits, thereby delaying his eligibility for parole in violation of the Due Process and Equal Protection Clauses found in the Fourteenth Amendment of the United States Constitution. Strickland alleges further that, by failing to count his previously earned good-time credits, the defendants have calculated his sentence in a manner that has increased his punishment, thereby posing a double jeopardy violation. As outlined further below, however, Strickland fails to allege facts showing that his sentence has been calculated incorrectly under the laws governing good-time credit and parole eligibility in Texas.

**B.      Good-Time Credit and Parole Eligibility in Texas**

Strickland insists that prison officials have incorrectly calculated his sentence with regard to his parole eligibility date because they have failed to count the good-time credits that he has earned. The determination of a Texas prisoner's eligibility for early release depends on the type of parole that he is eligible to receive, if any, and whether his underlying criminal conviction affects his parole eligibility.

6

There are two ways in which a state prisoner becomes eligible for early release from confinement under Texas law.   The first is by "parole" and the second is "mandatory supervision" release. "Parole" means "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6) (Vernon 2004).  Subject to several important exceptions, most Texas inmates are "eligible for release on parole when the inmate's actual calendar time served plus good conduct time equals one-fourth of the sentence imposed or 15 years, whichever is less."   TEX. GOV'T CODE ANN. § 508.145(f).   Similarly, "mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5).   Whereas parole is wholly discretionary, however, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007).

As the Texas statutes governing parole and mandatory supervision reflect, "good conduct time" or "good-time credit" can affect the timing of an inmate's eligibility for early release.[2] Importantly, good-time credit in Texas is a privilege and not a right. *See* TEX.

---

[2]     A Texas inmate does not earn good-time credit simply for good behavior.  Depending on his
(continued...)

7

GOV'T CODE ANN. § 498.003(a). It is further well established that good-time credit does not reduce an inmate's actual sentence and relates only to his eligibility for early release. *See id.*; *see also Ex parte Henderson*, 645 S.W.2d 469, 472 (Tex. Crim. App. 1983). In that respect, good-time credit serves two functions in Texas: (1) it determines a prisoner's mandatory supervision release date (if he is eligible for early release on mandatory supervision parole); and (2) depending on the nature of his underlying offense, it advances a prisoner's date of eligibility for early release on discretionary parole. *See* 5 JOHN M. SCHMOLESKY, TEXAS CRIMINAL PRACTICE GUIDE: PAROLE § 101.03[2]–[3] (2007).

Notwithstanding the amount of good-time that he earns while in prison, an inmate's underlying criminal conviction also affects his eligibility for early release on parole. Strickland concedes that he has been convicted of aggravated assault and that his criminal judgment contains an affirmative finding under Article 42.12, § 3g(a)(2) of the Texas Code of Criminal Procedure, namely, that a deadly weapon was used to commit the offense. Because Strickland has been convicted of aggravated assault with a deadly weapon, he is not eligible for early release on mandatory supervision. *See* TEX. GOV'T CODE ANN. § 508.149(a)(1).

---

[2](...continued)
classification, a Texas inmate may earn good-time credit only if prison officials find that the inmate is actively engaged in an agricultural, vocational, or educational endeavor, in an industrial program or other work program, or in a treatment program. *See* TEX. GOV'T CODE ANN. §§ 498.003(a), (d).

Inmates who are not eligible for mandatory supervision may remain eligible for parole. As noted above, subject to several important exceptions, most inmates are "eligible for release on parole when the inmate's actual calendar time served plus good conduct time equals one-fourth of the sentence imposed or 15 years, whichever is less." TEX. GOV'T CODE ANN. § 508.145(f). As an aggravated offender with an affirmative deadly weapon finding on his record, Strickland fits within one of the exceptions to this rule. In that respect, because Strickland is serving a sentence for an offense that contains an affirmative deadly weapon finding under Article 42.12, § 3g(a)(2), he is "not eligible for release on parole until the . . . actual calendar time served, *without consideration of good conduct time*, equals one-half of the sentence or 30 calendar years, whichever is less, but in no event is [he] eligible for release on parole in less than two calendar years." TEX. GOV'T CODE ANN. § 508.145(d) (emphasis added). Thus, while good-time credit may affect the date on which an ordinary prisoner becomes eligible for parole or mandatory supervision, Strickland is not within the category of inmates who enjoy that privilege.

Strickland insists that, if officials had calculated his sentence to include the good-time credit that he has earned, he should have been eligible for parole in February 2006, after serving less than three years of his twelve year sentence. Strickland is mistaken about which Texas statute governs his parole eligibility. Under § 508.145(d) of the Texas Government Code, which plainly applies in this instance, Strickland is not eligible for parole until his calendar time reflects that he has served at least half of his twelve-year sentence. This means that, under the Texas law applicable to Strickland, he is not eligible for parole until 2009,

9

when he has served six years of flat time.[3]   Therefore, as the defendants correctly note, Strickland fails to state a claim in this instance because he does not show that his sentence has been calculated incorrectly under Texas law.  Strickland's contrary contention that his sentence calculation otherwise violates principles of due process, equal protection, and double jeopardy fails likewise for reasons set forth briefly below.

### C.    Due Process

Strickland claims that prison officials have violated the Fourteenth Amendment Due Process Clause by wrongfully failing to consider the quantity of good-time credit that he has accrued.  As shown above, however, the statute governing Strickland's parole eligibility expressly excludes the amount of good-time credit that he has earned from the calculation of his parole eligibility date.  *See* TEX. GOV'T CODE ANN. § 508.145(d).  Nevertheless, Strickland insists that prison officials have deprived him of a liberty interest protected by the Due Process Clause by refusing to consider the amount of good-time credit that he has earned.

Prison inmates typically are entitled to protection under the Due Process Clause only when an official action infringes upon a constitutionally protected liberty interest.[4]  *See*

---

[3]    The defendants note that Strickland began serving his twelve-year sentence on July 6, 2003, and that he is currently eligible for parole six years from that date on July 5, 2009, in full compliance with § 508.145(d).

[4]    The Fourteenth Amendment of the United States Constitution prohibits the deprivation "of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1.  The forfeiture of good-time credits does not result in the loss of life and it is also settled that Texas prisoners have no property interest in their accumulated good-time credits. *Ex parte*
(continued...)

*Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).   A convicted prisoner does not have a constitutional right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979).   Likewise, the Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).   Therefore, Strickland's due process claim depends on the existence of an interest created by state law.

The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487.  *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996).  In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good-time credits that they have earned.  *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*,

---

[4](...continued)

> *Montgomery*, 894 S.W.2d 324, 328-29 (Tex. Crim. App. 1995).   To prevail with a claim under the Due Process Clause, therefore, a Texas inmate must demonstrate that he has a liberty interest in the good-time credit at issue.

— F.3d —, 2007 WL 841600 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996).

Because Strickland is not eligible for mandatory supervision, he does not have a protected liberty interest in his accrued good-time credits.  Likewise, Strickland does not have a protected liberty interest in the attainment of parole.  The United States Supreme Court has recognized that the states have no duty to establish a parole system and that there is no constitutional right to be released on parole before the expiration of a valid sentence. *See Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987) (explaining that "statutes or regulations that provide that a prole board 'may' release an inmate on parole do not give rise to a protected liberty interest"); *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 11 (1979) (holding that a statute which "provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process").  In light of this authority, the Fifth Circuit has recognized repeatedly that the Texas parole statutes create no constitutional right to release on parole because they encourage no expectancy of early release.  *See Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir.), *cert. denied*, 454 U.S. 854 (1981) (Texas parole statute does not create a protectable expectancy of release, as recognized in *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979), but rather creates nothing more than a hope of parole); *see also Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29 (5th Cir. 1995); *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993); *Creel v. Keene*, 928 F.2d 707, 712 (5th Cir.), *cert. denied*, 501 U.S. 1210 (1991).  It is settled that

Texas inmates "have no protected liberty interest in parole." *Johnson*, 110 F.3d at 308.   It

follows that Texas inmates who are eligible for parole, but not for mandatory supervision,

have no protected liberty interest in their good-time credits.

Strickland insists, nevertheless, that a protected liberty interest exists in his case.   In

support of his claim that prison officials have discounted his good-time credits in violation

of a constitutionally protected liberty interest, Strickland points to Article 37.07, § 4(a) of

the Texas Code of Criminal Procedure, which authorizes the following jury instruction

during the penalty phase of a trial involving certain aggravated offenses:

> (a)   In the penalty phase of the trial of a felony case in which the
> punishment is to be assessed by the jury rather than the court, if
> the offense of which the jury has found the defendant guilty is
> listed in Section 3g(a)(1), Article 42.12, of this code or if the
> judgment contains an affirmative finding under Section 3g(a)(2),
> Article 42.12, of this code, unless the defendant has been
> convicted of a capital felony the court shall charge the jury in
> writing as follows:
>
> > "Under the law applicable in this case, the defendant, if
> > sentenced to a term of imprisonment, may earn time off the
> > period of incarceration imposed through the award of good
> > conduct time. Prison authorities may award good conduct time
> > to a prisoner who exhibits good behavior, diligence in carrying
> > out prison work assignments, and attempts at rehabilitation. If
> > a prisoner engages in misconduct, prison authorities may also
> > take away all or part of any good conduct time earned by the
> > prisoner.
> >
> > "It is also possible that the length of time for which the
> > defendant will be imprisoned might be reduced by the award of
> > parole.
> >
> > "Under the law applicable in this case, if the defendant
> > is sentenced to a term of imprisonment, he will not become

13

eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may earn. If the defendant is sentenced to a term of less than four years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

"It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

"You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant."

TEX. CODE CRIM. PROC. art. 37.07, § 4(a). Strickland argues that this statute creates a liberty interest because it informs jurors that a defendant "may earn time off the period of incarceration" as the result of earned good-time credit when, in fact, inmates such as Strickland, who have been convicted of an aggravated offense of the sort listed in Article 42.12, § 3g, are not eligible for early release based on the good-time credit that they earn.

Strickland does not allege or otherwise show that the instruction authorized by Article 37.07, § 4(a) was actually given to the jury in his case. Even if it was, the Texas Court of Criminal Appeals has held that the instruction authorized by Article 37.07, § 4(a) is not misleading on its face and that it does not violate due process to give this instruction under the circumstances presented by Strickland. *See Luquis v. State*, 72 S.W.3d 355, 364-67 (Tex.

14

Crim. App. 2002). In that respect, the statutory instruction simply alerts jurors to the possibility that awards of good time could shorten the time which the defendant is actually incarcerated. The statutory instructions further advise the jury that it cannot accurately be predicted how parole law and good-time credit might be applied to the defendant if he is sentenced to a term of imprisonment. Therefore, as other federal district courts within the Fifth Circuit have also concluded, Article 37.07, § 4(a) creates no reasonable expectancy of early release of the type protected by a due process liberty interest. *See Pohl v. Livingston*, Civil No. 9:06-4, 2006 WL 1050649 (E.D. Tex. April 18, 2006) (rejecting a claim that Article 37.07, § 4 creates a liberty interest protected by the Due Process Clause); *see also Parks v. Perry*, Civil No. 5:06-255, 2007 WL 438251 (E.D. Tex. Feb. 6, 2007) (same); *Gordon v. Perry*, Civil No. 5:06-242, 2007 438253 (E.D. Tex. Feb. 6, 2007) (same).

Strickland has not shown that prison officials have calculated his sentence incorrectly under Texas law or that prison officials have erred by failing to count his good-time credits toward his eligibility parole date. Absent a showing that prison officials have violated a constitutionally protected liberty interest, Strickland's complaint lacks any arguable basis in law and fails to state a claim upon which relief can be granted under the Due Process Clause.

## C.     Equal Protection

Strickland also alleges that, by not counting his good-time credits toward his parole eligibility date, prison officials have calculated his sentence in a manner that violates the Fourteenth Amendment Equal Protection Clause. The Equal Protection Clause requires that similarly situated persons be treated alike. *Cleburne v. Cleburne Living Center, Inc.*, 473

U.S. 432, 439 (1985). To establish an equal protection claim, a plaintiff must demonstrate that (1) the state created two or more classifications of similarly situated prisoners that were treated differently; and (2) the classification had no rational relation to any legitimate governmental objective. *See Johnson v. Rodriguez*, 110 F.3d 299, 306-07 (5th Cir.), *cert. denied*, 522 U.S. 995 (1997). A plaintiff may also state an equal protection claim if he alleges that his disparate treatment was motivated by any illegitimate animus or ill-will. *See Shipp v. McMahon*, 234 F.3d 907, 916 (5th Cir. 2000) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 120 S. Ct. 1073, 1074 (2000) (per curiam) (discussing but not adopting equal protection claims brought by a "class of one").

Strickland does not allege or show that he has been treated differently from other similarly situated inmates who have been convicted of an aggravated offense listed in Article 42.12, § 3g of the Texas Code of Criminal Procedure. Likewise, Strickland does not allege facts showing that he has been singled out for ill treatment for any impermissible reason. Strickland has not demonstrated the requisite disparate treatment and, therefore, he fails to state a claim upon which relief can be granted under the Equal Protection Clause.

**D.    Double Jeopardy**

Strickland alleges further that, by failing to count his accrued good-time credits toward his early release on parole, prison officials have increased his sentence in a manner that violates the prohibition against double jeopardy. The Double Jeopardy Clause of the Fifth Amendment, made applicable to the States through the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of

16

life or limb." U.S. CONST. AMEND. V. This clause protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *See United States v. Dixon*, 509 U.S. 688, 695-96 (1993).

In this case, Strickland appears to contend that his delayed eligibility for parole has resulted in double punishment. As Strickland concedes, however, he has been convicted of an aggravated offense, which contains an affirmative deadly weapon finding. Because Strickland's conviction and affirmative deadly weapon finding are among those listed in Article 42.12, § 3g, his eligibility for parole is delayed by Texas law, thereby extending the length of his confinement. *See* TEX. GOV'T CODE § 508.145(d). As the Fifth Circuit has observed, however, an affirmative deadly weapon finding in Texas does not affect the amount of punishment imposed. *See Ables v. Scott*, 73 F.3d 591, 593 (5th Cir.), *cert. denied*, 517 U.S. 1198 (1996). Rather, it only affects the amount of the imposed sentence that must be served. *See id*. Accordingly, the consequences of an affirmative deadly weapon finding in Strickland's judgment do not violate double jeopardy. *See e.g.*, *Richardson v. State*, 957 S.W.2d 854, 857 (Tex. App. — Tyler 1997, pet. ref'd) (noting that an affirmative deadly weapon finding does not normally increase a defendant's sentence, but only the time frame in which he is eligible for parole); *Pachecano v. State*, 881 S.W.2d 537, 546 (Tex. App. — Fort Worth 1994, no pet.) (observing that an affirmative deadly weapon finding affects the amount of the assessed sentence that must be served, not the actual amount of punishment, and therefore does not implicate double jeopardy).

Absent allegations showing that his actual sentence has been increased improperly or that he has been punished twice for the same offense, Strickland's double jeopardy claim is without arguable basis in law and fails to state a claim upon which relief can be granted. None of the other allegations presented by Strickland are sufficient to articulate a constitutional violation in connection with the calculation of his sentence or with his parole eligibility.   Accordingly, Strickland's complaint against all of the defendants must be dismissed for failure to state a claim.

IV.   **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1.      The defendants' motion to dismiss (Doc. # 16) is **GRANTED**.

2.      The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim.

**The Clerk is directed to provide a copy of this order to the parties.  The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on August 20, 2007.

Nancy F. Atlas
United States District Judge

18